# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| AVON SLAY GRADY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGIA DEPT. OF CORRECTION, )<br>and PARDON AND PAROLE BOARD, )<br>)<br>Defendants. ) | Case No. CV409-103 |

## REPORT AND RECOMMENDATION

Previously the Court directed 42 U.S.C. § 1983 plaintiff Avon Grady to complete a Consent to Collection of Fees form and a Trust Account Statement. Plaintiff complied and the Court screened his Complaint, but ran into a roadblock. In its original and uncorrected form, Grady alleged this:

> I got lock up on Dec. 19, 2007 for trafficking in cocaine, I sign a waiver on March 5, 2008, for 6 months for a 2 tech. violation, I, failed a drug test, 2 not reporting to drug class, I went to Coastal state prison June 3, 2008 for parole violation for the two tech. violation, in oct. 2008 the parole board sent me a grid sheet telling me to do 22 months off a charge; already did time for in Nov 10, 2005 to sept 5, 2007 which was a poss. of cocaine I got 30 do 5 I did 22 months, the parole board grid me on a old charge. i caught in Nov. 2005, so I did 12 month extra time under double jeopardy, because i never did commit a new crime to get a new grid sheet, i sign a 6 month waiver, so i suppose to been parole out after my 6 months was up, but instead i did 12 extra months, because the

parole board made a mistake by gridding me on an old charge. And that's Double Jeopardy. my 5 Fifth Amendment rights was violate.

doc. 1 at 5.

Unable to fathom the basic nature of Grady's claim (i.e., whether he was complaining of constitutionally-violative parole board procedures, or of due process violations in his parole revocation), the Court directed him to clarify them, and along the way disposed of his Double Jeopardy Clause claim. Docs. 8, 11; *Grady v. Georgia Dep't of Corrs.*, 2009 WL 3112033 at * 3 (S.D. Ga. Sept. 25, 2009). Grady's clarification follows (again, in uncorrected form):

> I state my case like this. i sign a 6 months waiver for two tech violations, i never went before a parole board judge, now my violations was a 6 months agreement, but I got a grid sheet stating that i do 22 months of that case in 2005 thru 2007, so the parole board making me do time for a old charge and thats violate my Fifth Amendment rights, which is double jeopardy. I never did use any state court remedies. *I am claiming and complaining about my constitutionally violative parole board procedures.* Like i said i never went to revocation. I give a 6 months waiver, I sent my grid sheet and waiver to the court so the court can see what I been talking about, I am asking the court to look at my case good and go over my waiver and grid sheet to see how the parole board making me do time on a old charge.

Doc. 12 (emphasis added).

His original filing asks "the court to repay me for every extra day [I] did in prison, because it cause[d] me suffering, and mental stresses, pain and emotion[al] breakdown, I'm having trouble dealing with stress and depressing me [sic] due to the extra time the parole board made me do, because they made a mistake." Doc. 1 at 6. His clarification does not alter that requested relief. Doc. 12. He explicitly seeks money damages ("repay me for every extra day [I] did in prison") for "constitutionally violative parole board procedures," rather than requesting release from prison or alteration of the terms of his confinement.

As this Court previously explained, the right to proceed IFP in litigation in the federal district courts is governed by 28 U.S.C. § 1915. If the Court grants IFP status, as it did here, it is authorized by § 1915 to dismiss the case sua sponte if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1)-(2). *Grady*, 2009 WL 3112033 at * 1. Finally, substance governs over nomenclature. *Id.* at * 2.

Yet, despite liberal pleading standards for pro se litigants,[1] the Court cannot be forced to speculate on what someone is complaining about. The persistent opacity of Grady's writing pretty much does just that. Still, from public records available at http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp. (site last visited January 5, 2010) (copy attached), and http://www.chathamcounty.org/jims/dockets/crim/docketDtls.asp?dt=12/14/2009&ln=grady&fn=avon (site last visited Dec. 14, 2009) (copy attached) ("Trial Docket Call" on Dec. 14, 2009 for "DRUGS -

---

[1] Pro se pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 849 (11th Cir. 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Fed. R. Civ. P. 8. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). That is, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). Thus, while specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), a plaintiff must allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). The Court cannot simply "fill in the blanks" to infer a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

SALE/TRAFFICKING"), plus the documents that he submitted with his Objection to the Report and Recommendation filed earlier in this case, the Court is able to piece together this:

> (1) in 2005 Grady was convicted on drug charges and sentenced to five years, *see* attached DOC print-out at 2;
>
> (2) that sentence commenced on November 10, 2005, so his release date was, barring any other considerations, November 9, 2010, *see id.*;
>
> (3) he was granted a February, 2010 "Recommended Tentative Parole Month," doc. 10 at 3;
>
> (4) at some point he was granted conditional release but, "while serving [his] sentence[s] outside the confines of [prison]," doc. 10 at 2, he violated a condition (i.e., that he not violate the law) by, *inter alia*, using drugs on or about November 8, 2007, *id.*;
>
> (5) he was told in writing that he had a panoply of due process rights before the state would revoke his conditional release, *id.*; but
>
> (6) he *waived* those rights on May 5, 2008, and signed his name to a form in which he affirmed his understanding "that the Parole Board intends to reconsider my case in six months unless I am convicted of new offenses or there is insufficient time remaining on my sentence(s) for reconsideration[,]" *id.*;
>
> (7) within six months (on September 19, 2008), the State Board of Pardons and Paroles, using "Parole Decision Guidelines" (a type of grid), recommended that Grady serve 22 months, which placed his new "Recommended Tentative Parole Month" at "FEB 2010," seven months prior to his five-year (November 9, 2010) sentence-expiration. *Id.* at 3.

Unhappy with this result, Grady now alleges that the Parole Board "sent me a grid sheet for a new charge I already did time for, and my complaint is that the Parole board making me do 16 months for nothing, the parole Board didn't send me no notice about making me do 22 months for a crime I never committed." Doc. 10 at 1; *see also* doc 12. Because Grady is alleging specific complaints about the way the Board applied existing procedures to reach an objectionable result (hence, a parole-revocation type claim), rather than applying objectionable procedures *per se*, his complaint appears to be in the nature of a habeas corpus action. Grady, however, seeks only money damages, not release from confinement, so this is a "hybrid" habeas/civil rights case:

> Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed. 2d 439 (1973). On the other hand, challenges involving the circumstances of confinement may be presented in a § 1983 action. But some cases are hybrids, "with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement." *Muhammad v. Close*, 540 U.S. 749, 750-51, 124 S.Ct. 1303, 158 L.Ed. 2d 32 (2004).

B.R. Means, Federal Habeas Manual § 2:1 (The *Heck* rule) (June 2009). The Court need not decide which statute provides the proper vehicle for this action, however, since it fails under either analysis.

On one hand, if Grady's claim is ultimately aimed at challenging the legality (i.e., the ultimate length) of his confinement, it falls within the "core" of habeas corpus and thus may not be bought under § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). At the same time, Grady has failed to plead exhaustion.[2] Because the claims are unexhausted, the action should be dismissed without prejudice pending exhaustion. *See, e.g., Stewart v. Georgia Bd. of Pardons and Parole*, 2008 WL 4816677 at * 2 (N.D. Ga. Oct. 31, 2008) (unpublished) (A defendant's petition for a

---

[2] To that end, Grady committed the crime that put him on the five-year sentence for which he won early (but conditional) release, then violated his way back into serving the remainder of the full five-year sentence. The "old charge" is simply the original charge that fetched him the five-year sentence. And Grady cannot (in writing) waive his Parole Board appearance rights, then complain that his Fifth Amendment rights were violated by being denied the very appearance that he just waived (he alleges no fraud, duress, trickery, etc.). So even were exhaustion not required, his claims would fail on the merits.

And, it is doubtful that Grady has any claim at all because he complains about the alteration of a tentative release date. *See Gould v. Donald*, 2009 WL 1606520 at * 6 (M.D. Ga. June 8, 2009) (inmate's allegation that he was unconstitutionally denied parole failed to state a claim upon which relief could be granted. Inmate claimed he was denied parole after the Georgia Board of Pardons and Paroles provided inmate a tentative parole date following completion of inmate's work release program. The Georgia Supreme Court had previously held that a tentative release date was not a grant of release nor did it create a claim of entitlement to parole, and thus no due process rights were violated when date was changed).

writ of habeas corpus was subject to dismissal for failure to exhaust available state remedies. The defendant sought no review of his parole revocation in state court. The proper remedy would have been a writ of mandamus against the parole board or a state writ of habeas corpus).

On the other hand, "a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82; *Kyles v. Garrett*, 2009 WL 4250078 at * 3 (5th Cir. Nov 30, 2009). His case, if properly construed as a proper § 1983 complaint, would thus be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); FEDERAL HABEAS MANUAL § 2:1 ("Any cause of action that, if successful, would necessarily demonstrate the invalidity of the petitioner's confinement or its duration is subject to the *Heck* bar.").

Accordingly, this case should be **DISMISSED WITHOUT PREJUDICE.**

**SO REPORTED AND RECOMMENDED,** this __5⁷ᵗʰ__ day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

Official Portal for the State of Georgia
Georgia Governor Sonny Perdue

# Georgia Department of Corrections

Site Map
Privacy
Links
Contact Us
Help
GA Offender Search
GA Sex Offender Registry Search
Employment
Home
About GDC
Community Information
Divisions
Inmate Information
News Room
Reports

## Georgia Department of Corrections Offender Query

Click here to start over
Please use your browser's BACK button to return to list.
**GRADY, AVON**
**GDC ID: 0000596675**



**PHYSICAL DESCRIPTION**
YOB:     1973
RACE:    BLACK
GENDER:  MALE

| | |
|---|---|
| HEIGHT: | 5'08" |
| WEIGHT: | 136 |
| EYE COLOR: | UNKNOWN |
| HAIR COLOR: | UNKNOWN |

SCARS, MARKS, TATTOOS

INCARCERATION DETAILS

| | |
|---|---|
| MAJOR OFFENSE: | POSS OF COCAINE |
| MOST RECENT INSTITUTION: | ROGERS STATE PRISON |
| MAX POSSIBLE RELEASE DATE: | 11/09/2010 Important Release Information |
| TENTATIVE PAROLE MONTH: | 10/2009 Important Parole Information |
| ACTUAL RELEASE DATE: | CURRENTLY SERVING |
| CURRENT STATUS: | ACTIVE |

KNOWN ALIASES

| | |
|---|---|
| A.K.A. | AVON,SLAY DRAY |
| A.K.A. | GRADY,AVON SLAY |

STATE OF GEORGIA - CURRENT SENTENCES

CASE NO: 604763
| | |
|---|---|
| OFFENSE: | POSS OF COCAINE |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | 11/10/2005 |
| SENTENCE LENGTH: | 5 YEARS, 0 MONTHS, 0 DAYS |

STATE OF GEORGIA - PRIOR SENTENCES

CASE NO: 298472
| | |
|---|---|
| OFFENSE: | POSS OF COCAINE |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | 03/24/1994 |
| SENTENCE LENGTH: | 8 YEARS, 0 MONTHS, 0 DAYS |

CASE NO: 298472
| | |
|---|---|
| OFFENSE: | POSS OF COCAINE |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | 02/02/1992 |
| SENTENCE LENGTH: | 4 YEARS, 0 MONTHS, 0 DAYS |

CASE NO: 265071
| | |
|---|---|
| OFFENSE: | TERRORIST THREATS & ACTS |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | 01/19/1990 |
| SENTENCE LENGTH: | 2 YEARS, 0 MONTHS, 0 DAYS |

CASE NO: 265071
| | |
|---|---|
| OFFENSE: | CRMNL DAMAGE 1ST DEGREE |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | 01/19/1990 |
| SENTENCE LENGTH: | 2 YEARS, 0 MONTHS, 0 DAYS |

CASE NO: 265071
| | |
|---|---|
| OFFENSE: | AGGRAV ASSAULT |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | 01/19/1990 |
| SENTENCE LENGTH: | 2 YEARS, 0 MONTHS, 0 DAYS |

CASE NO: 298472
| | |
|---|---|
| OFFENSE: | TERRORIST THREATS & ACTS |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | 01/19/1990 |
| SENTENCE LENGTH: | 5 YEARS, 0 MONTHS, 0 DAYS |

**CASE NO: 298472**
**OFFENSE:** CRMNL DAMAGE 1ST DEGREE
**CONVICTION COUNTY:** CHATHAM COUNTY
**CRIME COMMIT DATE:** 01/19/1990
**SENTENCE LENGTH:** 5 YEARS, 0 MONTHS, 0 DAYS
**CASE NO: 298472**
**OFFENSE:** AGGRAV ASSAULT
**CONVICTION COUNTY:** CHATHAM COUNTY
**CRIME COMMIT DATE:** 01/19/1990
**SENTENCE LENGTH:** 6 YEARS, 0 MONTHS, 0 DAYS

STATE OF GEORGIA - INCARCERATION HISTORY

**INCARCERATION BEGIN** **INCARCERATION END**
| | |
|---|---|
| 06/03/2008 | ACTIVE |
| 06/09/2006 | 09/05/2007 |
| 08/15/1994 | 03/23/2002 |
| 06/03/1992 | 06/02/1993 |
| 09/12/1990 | 01/23/1992 |

Site Map
Privacy
Links
Contact Us
Help

| | Criminal Docket For **Monday, December 14, 2009** | | | | | | |
|---|---|---|---|---|---|---|---|
| *Click on a case to view the events* | | | | | | | |
| DEFENDANT | ATTORNEY | CASE # | CASE TYPE | HEARING TYPE | COURT | JUDGE | TIME | DATE |
| Grady, Avon Slay | Tucker, Marcus | CR080581 | DRUGS - SALE/TRAFFICKING | Trial Docket Call | Superior | Abbot | 9:00 | 12/14/2009 |